FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 16 2012

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DUSTIN CROW                                              PLAINTIFF

4:12-CV-514 BRW

VS.

This case assigned to District Judge Wilson
and to Magistrate Judge Deere

DAVID A. BLEVINS;
BRUCE PENNINGTON, Saline County Sheriff;
COUNTY OF SALINE; and
JOHN DOES I-V                                            DEFENDANTS

COMPLAINT
(With John Doe Affidavit)

Comes the Plaintiff, by and through his attorneys, James, Carter & Coulter, PLC, and for his Complaint against the Defendants, hereby alleges and states that:

1. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367(a). This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the claims form part of the same case or controversy as the 42 U.S.C. § 1983 claim.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the acts complained of all occurred in Saline County, Arkansas, such county being situated in the Western Division of the Eastern District of Arkansas.

3. Plaintiff, Dustin Crow, was a citizen and resident of Saline County, Arkansas at the time in which his constitutional rights were violated.

4.  Defendant David A. Blevins (hereinafter referred to as "Blevins"), was a resident of Saline County, Arkansas and was a Deputy Sheriff for Saline County Sheriff's Department at the time of the unlawful and unconstitutional acts committed against Mr. Crow..

5.  Defendant Bruce Pennington (hereinafter referred to as "Pennington"), was and is the Sheriff of Saline County and, as such, is and has been responsible for an promulgation, implementation, and oversight of Sheriff Department policy, procedure, and practice in the County of Saline.

6.  Defendant County of Saline (hereinafter referred to as "County of Saline"), is an Arkansas county and, as such is responsible for the policies, procedures and practices implemented through its various agencies and agents and for injury occasioned thereby.

7.  The Defendants are sued individually and in their official capacities.

8.  John and Jane Does I-V are individuals and/or entities responsible for the promulgation of policy regarding the use of excessive force, seeking medical care for injured arrestees, training and supervising Saline County Deputy Sheriffs, and the hiring of Saline County Deputy Sheriffs.

9.  Mr. Crow asks this Court to declare as unconstitutional Defendants' failure to implement a policy regarding the use of excessive force; and failure to train and supervise its officers regarding making arrests and the use of force in making arrests.  The Court's jurisdiction regarding declaratory and injunctive relief is sought independent to the Court's jurisdiction over Mr. Crow's damages claim.

## Facts

10. Plaintiff reasserts each and every allegation in Paragraphs 1-9 word for word.

11. On or about August 18, 2009, the West Pulaski Fire Department was dispatched to 20817 Congo Ferndale Road in reference to a structural fire. Firefighter Dustin Crow was dispatched to the scene. West Pulaski Fire Department Administrator and Incident Commander Deborah Crow, West Pulaski Fire Department Chief Ron Wheeler, and West Pulaski Fire Department Assistant Chief Greg Brewer instructed Dustin Crow to park in front of the narrow driveway of the burning structure to control the traffic and prohibit further access to the driveway. Blevins arrived on the scene and demanded access to the driveway. Dustin Crow informed Blevins of the West Pulaski County Fire Department's instructions. When Blevins became irate, Dustin Crow told Blevins that he was suffering from injuries from a prior automobile accident. When Dustin Crow continued to follow the instructions of his supervisors and denied Blevins access to the driveway, Blevins continued to become visibly upset and violent. Blevins unlawfully and forcibly arrested Dustin Crow without reasonable suspicion that Dustin committed a crime or was about to commit a crime. Blevins deployed unreasonable excessive force and handcuffed Dustin Crow with deliberate indifference to Dustin Crow's pre-existing injuries and forced Dustin Crow into the Saline County Sheriff Department's patrol car. In making the arrest, Blevins interfered with the West Pulaski Fire Department's firefighting operation at 20817 Congo Ferndale Road.

12. After being unlawfully arrested by Blevins, Mr. Crow was handcuffed and forcefully thrown in the back seat of the Saline County Sheriff Department's vehicle.

13. The actions of Blevins constituted excessive force and deliberate indifference to Mr. Crow's known serious medical needs.

14. At all times relevant hereto, Blevins was acting under color of state law pursuant to his authority as law enforcement officer with the Saline County Sheriff's Department.

15. Mr. Crow was unarmed, physically handicapped and helpless during his unlawful arrest, and in no way posed a threat to Blevins' safety or to the safety of any other persons to justify the force used.

16. Blevins apprehended Mr. Crow without just and legal cause, used excessive force, and thereby violating Mr. Crow's rights under the laws of the Constitution of the United States, and particularly the Fourth, Fifth, Eighth and Fourteenth Amendments, and his rights under the Constitution and laws of the State of the Arkansas.

17. In forcibly handcuffing and forcing the medically handicapped Dustin Crow into the vehicle, Blevins violated the rules and regulations of the Saline County Sheriff's Department regarding the use of force and excessive force.

18. As a direct and proximate result of the above unlawful and malicious acts by Blevins, all committed under color of his authority as a Saline County Sheriff's Department, and contributing to permanent injuries while acting in that capacity, Mr. Crow suffered unnecessary, additional medical treatment and bodily harm, which is in violation of his rights under the laws and Constitution of the United States, and particularly the Fourth, Fifth, Eighth, and Fourteenth Amendments thereof and 42 U.S.C. § 1983, and § 1988; and, the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, et seq.

19. Mr. Crow was a victim of an unlawful arrest, excessive force and deliberate indifference to his known serious medical need by the actions and omissions of Blevins. The punishment administered was grossly disproportionate to Mr. Crow's actions, constituting cruel and unusual punishment. The brutality and excessive force by Blevins deprived Mr. Crow of his right to due process of law under the laws and Constitution of the United States, and particularly the Fourth, Fifth, Eighth, and Fourteenth Amendments thereof. The unlawful arrest and unlawful force to Mr. Crow by Blevins was unwarranted, cruel, inhuman, unjustifiable, and excessive.

20. The County of Saline and Bruce Pennington had a duty to implement an effective policy to train Sheriff's Deputies of the County of Saline in the use of reasonable force when making an arrest. However, the County of Saline and Bruce Pennington failed to provide adequate training and supervision regarding the arrest and lawful use of force which amounts to deliberate indifference to the safety and lives of the citizens of the County of Saline. This deliberate indifference to Dustin Crow's physical injuries aggravated his preexisting condition necessitating additional treatment and contributing to his ultimate permanent injuries.

21. Defendants County of Saline and Bruce Pennington do not presently have an effective policy, practice or procedure regarding the use of force by Deputies of the County of Saline, and do not have an effective policy, practice or procedure for training the officers in making arrests and the use of force. Defendant County of Saline and Bruce Pennington knew of its constitutional duty to hire, train, and discipline its officers in a manner consistent with the U.S. Constitution and to implement policy, practice and procedure to the officers who carried out

their duties in a Constitutionally permissive manner. Bruce Pennington and County of Saline knew that their actions and omissions in regard to Office Blevins would result in Officer Blevins deliberate indifference citizens such as Dustin Crow. Defendants County of Saline and Bruce Pennington do not presently have an effective policy, practice or procedure regarding the hiring of Deputies of the County of Saline who are qualified for making arrests and the use of force. This known Constitutional deficiency led to the hiring and retention of Blevins.

22. The acts complained of herein further constitute assault and battery.

23. Plaintiff reserves the right to amend his complaint.

WHEREFORE, Plaintiff prays for the following relief:

1. That this Court enter a declaratory judgment pursuant to a 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure, declaring that the lack of an effective policy, practice or procedure regarding the use of excessive force by the Bruce Pennington and the Saline County Sheriff's Department violates the rights of Mr. Crow to due process of law and his right to be free from cruel and unusual punishment guaranteed by the First, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and Arkansas law;

2. A permanent injunction enjoining the Defendants from the use of excessive force;

3. A mandatory injunction to require the Defendants to formulate policies, practices and procedures regarding the use of excessive force;

4. Nominal, compensatory, and punitive damages;

5. Reasonable attorneys' fees and costs for this action as authorized by 42 U.S.C. § 1988 and Ark. Code Ann. § 16-123-105; and

6. All other proper and just relief, whether specifically prayed for herein or not.

A jury trial is demanded.

Respectfully submitted,

DUSTIN CROW, Plaintiff

By: _____
Paul J. James (Ark. Bar No. #83091)
James, Carter & Coulter, PLC
500 Broadway, Suite 400
P.O. Box 907
Little Rock, Arkansas  72203
(501) 372-1414 – Telephone
(501) 372-1659 – Facsimile
pjj@jamescarterlaw.com

STATE OF ARKANSAS    )
                     )  ss.
COUNTY OF PULASKI    )

## AFFIDAVIT

Before the undersigned Notary Public, duly commissioned and acting within the County and State aforesaid, appeared in person, Paul J. James, who stated the following under oath:

1. I am an attorney licensed in the State of Arkansas.

2. This affidavit is being filed contemporaneous with a complaint pursuant to Ark. Code Ann. § 16-56-125.

3. I represent Dustin Crow in a potential claim against David A. Blevins; Bruce Pennington, Saline County Sheriff; County of Saline; and, John Does I-V.

4. John Does I-V are supervisors and/or employees of the Saline County Sheriff's Department, Saline County, Arkansas.

4. Further affiant sayeth not.

_____
Paul J. James

SUBSCRIBED AND SWORN to before me this 16th day of August, 2012.

_____
Notary Public

My Commission Expires: March 8, 2015