IN THE UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DUSTIN CROW                                                                                              PLAINTIFF

VS.                                   CASE NO. 4:12-CV-514 BRW

DAVID A. BLEVINS;
BRUCE PENNINGTON, Saline County Sheriff;
COUNTY OF SALINE; and
JOHN DOES I-V                                                                                         DEFENDANTS

## ANSWER OF DAVID A. BLEVINS

Comes the Defendant, David A. Blevins, and for his Answer to the Plaintiff's Complaint, states:

1. Responding to the allegations contained in paragraph 1 of the Complaint, Defendant admits the jurisdiction of this Court but denies that Plaintiff is entitled to recover.

2. Responding to the allegations contained in paragraph 2 of the Complaint, Defendant admits that venue is proper.

3. Responding to the allegations contained in paragraph 3 of the Complaint, Defendant states that he lacks sufficient information to admit or deny Plaintiff's citizenship and residence but denies that there was a constitutional right violated and denies any liability in this case.

4. Responding to the allegations contained in paragraph 4 of the Complaint, Defendant admits his residency and employment but denies that there was a constitutional right violated and denies any liability in this case.

5. The allegations of paragraph 5 of the Complaint are not directed at this Defendant and thus require no response. To the extent that a response is required,

Defendant denies that any constitutional right was violated and denies any liability in this case.

6. The allegations of paragraph 6 of the Complaint are not directed at this Defendant and thus require no response. To the extent that a response is required, Defendant denies that any constitutional right was violated and denies any liability in this case.

7. The allegations of paragraph 7 of the Complaint are not directed at this Defendant and thus require no response. To the extent that a response is required, Defendant denies that any constitutional right was violated and denies any liability in this case.

8. The allegations contained in paragraph 8 of the Complaint are not directed at this Defendant and thus require no response. To the extent that a response is required, Defendant denies that any constitutional right was violated and denies any liability in this case.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint and denies that Plaintiff is entitled to the relief requested.

10. Defendant incorporates herein his responses to the allegations in paragraphs 1 through 9 as if set out herein verbatim.

11. Regarding the allegations contained in paragraph 11 of the Complaint, Defendant admits only that the West Pulaski Fire Department was dispatched on August 18, 2009 in reference to a fire on Congo Ferndale Road; that Plaintiff was on the scene; that Defendant was dispatched to the scene; and that Plaintiff was handcuffed. Defendant specifically denies that there was an unlawful or forcible arrest, that he used unreasonable

excessive force, that he acted with deliberate indifference, and that he interfered with firefighting operations. Defendant denies all remaining allegations contained in paragraph 11 of the Complaint.

12. Regarding paragraph 12 of the Complaint, Defendant admits that Plaintiff was handcuffed but denies all other allegations, particularly he denies that Plaintiff was unlawfully arrested or subjected to excessive force.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. The allegations contained in paragraph 20 of the Complaint are not directed at this Defendant and thus no response is required. To the extent that a response is required, Defendant denies the allegations.

21. The allegations contained in paragraph 21 of the Complaint are not directed at this Defendant and thus no response is required. To the extent that a response is required, Defendant denies the allegations.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint as it is governed by the Federal Rules of Civil Procedure.

24. Defendant denies that allegations contained in the prayer for relief, including all sub-paragraphs, and denies that Plaintiff is entitled to recover the relief requested.

25. Defendant also demands a jury trial.

26. Defendant denies, generally and specifically, all allegations contained in the Complaint that are not specifically admitted herein.

27. Pleading affirmatively, Defendant states that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

28. Pleading affirmatively, Defendant states that he is entitled to qualified immunity because his actions were reasonable in light of clearly established law.

29. Pleading affirmatively, Defendant states that Plaintiff has failed to state a cognizable injury.

30. Pleading affirmatively, Defendant states that Plaintiff has failed to identify a constitutional infirmity.

31. Pleading affirmatively, Defendant states that Plaintiff has failed to exhaust his administrative procedures.

32. Pleading affirmatively, the Complaint of Plaintiff fails to state facts upon which relief can be granted as to the Defendant in his individual capacities because his not an employer under Ark. Code Ann. § 16-123-107 of the Arkansas Civil Rights Act.

33. Pleading affirmatively, Defendant states that he had probable cause for his actions.

34. Pleading affirmatively, all actions taken relating to Plaintiff were at all times reasonable and undertaken in good faith.

35. Pleading affirmatively, Plaintiff failed to mitigate his damages.

36. Pleading affirmatively, Plaintiff's claim for punitive damages is barred because Defendant has not engaged in any practice with actual malice or with wanton or willful disregard for the rights of Plaintiff.

37. Plaintiff's punitive damages claims are unconstitutional and should be dismissed for each of the following reasons:

   a. There is no definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates Defendant's due process rights under the United States Constitution, including the Fourteenth Amendment thereto.

   b. An award of punitive damages violates the Defendant's due process and equal protection rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto, and the double jeopardy clause of the United States

Constitution, as incorporated into the Fourteenth Amendment, in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics, including the corporate status of a Defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

    c.    An award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the remaining issues violates the Defendant's due process rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto.

    38.    Pleading affirmatively, Defendant alleges that Plaintiff's claims may be barred by any or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which the Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set forth herein, cannot be determined until the Defendant has an opportunity to complete discovery. Therefore, Defendant incorporates all said affirmative defenses as if fully set forth herein.

    WHEREFORE, premises considered, Defendant prays that the Complaint of the Plaintiff be dismissed and for all other just and proper relief.

Respectfully submitted,

Frederick S. Ursery, 67055
Jamie Huffman Jones, 2003125
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue
Suite 2000
Little Rock, Arkansas 72201-3522
(501) 376-2011
jjones@fridayfirm.com


By:/s/Jamie Huffman Jones
    Jamie Huffman Jones

## CERTIFICATE OF SERVICE

I, Jamie Huffman Jones, do hereby certify that a copy of the foregoing has been served on the following counsel of record by filing with the Clerk of the Court via the ECF filing system this 23rd day of October, 2012:

Paul J. James
JAMES, CARTER & COULTER, PLC
500 Broadway, Ste. 400
P.O. Box 907
Little Rock, AR 72203
pjj@jamescarterlaw.com

David M. Fuqua
Fuqua Campbell, P.A.
425 West Capitol Ave., Suite 400
Little Rock, Arkansas 72201
dfuqua@fc-lawyers.com


By:/s/Jamie Huffman Jones
    Jamie Huffman Jones