IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DUSTIN CROW                                                                                          PLAINTIFF

VS.                                       NO. 4:12-CV-514BRW

DAVID A. BLEVINS;
BRUCE PENNINGTON,
Saline County Sheriff;
COUNTY OF SALINE;
and JOHN DOES I-V                                                                              DEFENDANTS

## ANSWER OF THE SEPARATE DEFENDANTS, SALINE COUNTY, ARKANSAS AND BRUCE PENNINGTON, SHERIFF

COME the separate Defendants; Bruce Pennington, individually and in his official capacity as Saline County Sheriff, and Saline County, Arkansas; by their attorneys, Fuqua Campbell, P.A., and for their Answer to the Complaint of the Plaintiff, Dustin Crow, state:

1.      The separate Defendants admit that this Court has jurisdiction and acknowledge the bases for the Plaintiff's claims but deny liability in this case.

2.      The separate Defendants admit that venue is proper.

3.      The separate Defendants deny the allegations of paragraph 3 of the Complaint because of lack of knowledge or information sufficient to form a belief as to the truth of the averments.

4.      The separate Defendant admits the residency and employment allegations of paragraph 4 of the Complaint but deny that Defendant Blevins violated the Plaintiff's constitutional rights.

5.      The separate Defendants admit the allegations of paragraph 5 of the Complaint.

6. The separate Defendants admit that Saline County is an Arkansas County but denies any liability in this case.

7. The separate Defendants acknowledge the allegations of paragraph 7 of the Complaint but deny liability in this case.

8. The separate Defendants deny the allegations of paragraph 8 of the Complaint.

9. The separate Defendants deny the allegations of paragraph 9 of the Complaint and state that the Plaintiff is not entitled to any relief in this case.

10. The separate Defendant incorporates the foregoing statements and allegations.

11. The separate Defendants admit that there was a house fire at 20817 Congo Ferndale Road on August 18, 2009, and that the West Pulaski County Fire Department was dispatched to the fire and that the Plaintiff was on the scene and that Defendant Blevins was dispatched to the scene. The separate Defendants deny the remaining allegations of paragraph 11 of the Complaint.

12. The separate Defendants deny that the Plaintiff was unlawfully arrested or otherwise subjected to excessive force but admit that Defendant Blevins handcuffed the Plaintiff.

13. The separate Defendants deny the allegations of paragraph 13 of the Complaint.

14. The separate Defendants admit the allegations of paragraph 14 of the Complaint.

15. The separate Defendants deny the allegations of paragraph 15 of the Complaint.

16. The separate Defendants deny the allegations of paragraph 16 of the Complaint.

17. The separate Defendants deny the allegations of paragraph 17 of the Complaint.

18. The separate Defendants deny the allegations of paragraph 18 of the Complaint.

19. The separate Defendants deny the allegations of paragraph 19 of the Complaint.

20. The separate Defendants deny the allegations of paragraph 20 of the Complaint.

21. The separate Defendants deny the allegations of paragraph 21 of the Complaint.

22. The separate Defendants deny the allegations of paragraph 22 of the Complaint.

23. No response required.

24. The separate Defendants acknowledge the Plaintiff's demand for jury trial and demand a jury trial in their own right.

25. The separate Defendants deny, generally and specifically, each and every material allegation of the Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

1. Sheriff Pennington in his individual capacity is entitled to qualified immunity.

2. Sheriff Pennington in his official capacity and Saline County are immune from punitive damages.

3. The Plaintiff fails to state facts upon which relief can be granted as to the Sheriff Pennington in his individual and official capacities under Ark. Code Ann. § 16-123-105 of the Arkansas Civil Rights Act.

4. The Complaint fails to state facts and claims upon which relief can be granted.

5. The Plaintiff's claim for punitive damages is barred because the separate Defendants have not engaged in any conduct with actual malice or with wanton or willful disregard for the Plaintiff's rights.

6. Any damages of the Plaintiff, which the separate Defendants deny, are a direct result of his own conduct.

7. The Plaintiff's punitive damages claims are unconstitutional and should be dismissed for each of the following reasons:

    a. There is no definitive standard for setting the amount of punitive damages, so an award of punitive damages without requiring Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates the separate Defendants' due process rights under the United States Constitution, including the Fourteenth Amendment thereto.

    b. An award of punitive damages violates the separate Defendants' due process and equal protection rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto, and the double jeopardy clause of the United States Constitution, as incorporated into the Fourteenth Amendment, in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics, including the corporate status of a Defendant; (4) is permitted to award punitive

        damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

    c.    An award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the remaining issues violates the separate Defendants' due process rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto.

8.    As a separate alternative affirmative defense to the Complaint, the separate Defendants allege that the Plaintiff's claims may be barred by any or all of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which the Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set forth herein, cannot be determined until the separate Defendants have an opportunity to complete discovery. Therefore, the separate Defendants incorporates all said affirmative defenses as if fully set forth herein.

WHEREFORE, premises considered, the separate Defendants, Bruce Pennington, individually and in his official capacity as Saline County Sheriff, and Saline County, Arkansas, pray that the Complaint of the Plaintiff, Dustin Crow, be dismissed with prejudice, for their costs herein, and for all other appropriate relief.

**Fuqua Campbell, P.A.**
Attorneys at Law
425 West Capitol Ave., Suite 400
Little Rock, Arkansas 72201
501-374-0200
Attorneys for Defendants,
 Saline County and Bruce Pennington

By: David M. Fuqua
Ark.  Bar No. 80048
E-mail: dfuqua@fc-lawyers.com

## CERTIFICATE OF SERVICE

I, David M. Fuqua, hereby certify that a copy of the foregoing pleading has been served via the Court's CM/ECF system on:

Paul J. James, Esq. (pjj@jamescarterlaw.com)
Jamie Huffman Jones, Esq. (jjones@fridayfirm.com)
Frederick S. Ursery, Esq. (ursery@FEC.net)

on this 24th day of October, 2012.

David M. Fuqua

6